# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br>  vs.<br>MANUEL PEREDA-MACIAS,<br><br>                            Defendant. | CASE NO. 09CR1395WQH<br>              09CV2797WQH<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is the motion for reduction of sentence pursuant to Title 28 U.S.C. § 2255 filed by Defendant. (Doc. # 55).

      On April 23, 2009, the Defendant entered a plea of guilty to a one count Superseding Information charging that on or about January 31, 2009, the Defendant knowingly and intentionally used a communication facility in committing or facilitation the commission of knowingly and intentionally importing 500 grams and more of cocaine into the United States in violation of Title 21 U.S.C. § 843(b). The plea was entered pursuant to a plea agreement which provided that the parties jointly recommended that the total offense level was 20; that the Government would recommend that the Defendant be sentenced to the low end of the applicable guideline range; and that the Defendant waived any right to appeal or collaterally attack the conviction and sentence unless the sentence imposed exceeded the statutory maximum. (Doc. # 21). The plea agreement stated in part that "Defendant understands that

the crime to which defendant is pleading guilty carries ... a maximum of 4 years in prison." *Id.* at 3.

On August 28, 2009, this Court held a sentencing hearing. The Court concluded that the advisory guideline range before departures was 63 to 78 months. The Court granted the four level downward departure requested by the Government and the Defendant resulting in an advisory guideline range of 33 to 41 months. The Court sentenced the Defendant to serve a term of imprisonment of 33 months.

On December 14, 2009, the Defendant filed the motion before the Court to modify his sentence on the grounds that his counsel failed to raise the issue of deportability as a mitigating circumstance at his sentencing. The Court finds that the issues raised in the motion are appropriate for summary disposition.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant has waived his right to bring a motion for reduction of his sentence under § 2255 in the plea agreement. The plea agreement stated in relevant part as follows: "In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or

to collaterally attack the conviction and sentence, unless the Court imposes a custodial sentence greater than the statutory maximum. If the custodial sentence is greater that the statutory maximum, the defendant may appeal his sentence, but the Government will be free to support on appeal the sentence actually imposed. If the defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived." (Doc. # 21 at page 8.) Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to file a § 2255 petition challenging the length of his sentence. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.) *cert. denied*, 508 U.S. 979 (1993). Defendant's waiver of collateral attack upon the sentence is clear, express and unequivocal. Defendant waived his right to collaterally attack his sentence in a 2255 proceeding, unless the Court imposes a custodial sentence greater than the statutory maximum. Defendant in this case did not receive a sentence greater than the statutory maximum sentence of four years. The Court concludes that the Defendant is precluded from raising issues of failure to consider deportability as a mitigating factor in a 2255 proceeding which do not relate to the performance of his attorney. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain.").

**Ineffective Assistance of Counsel**

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of counsel fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

In order to show that counsel's representations fell below an objective standard of reasonableness, Defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (citation omitted). The inquiry is "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002) (internal quotations omitted). In making this determination, the court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland*, 466 U.S. at 689. "The Sixth Amendment recognizes the right to assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results." *Id*. at 685. A deficient performance requires showing that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id*. at 687.

Defendant asserts that the failure of his counsel to argue that his ineligibility for minimum security confinement and prerelease custody as a result of his status as a deportable alien should result in a lesser sentence constituted a performance below accepted professional standards. Defendant contends that the failure of his counsel to raise the issue of deportability as a mitigating circumstance at sentencing warrants resentencing.

A court may depart downward if it finds that "there exists an aggravating or mitigating circumstance ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described." 18 U.S.C. § 3553(b). The United States Supreme Court has stated that "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing." *Koon v. United States*, 518 U.S. 81, 98 (1996).

In this case, the Court granted a four level downward departure jointly recommended by the parties based upon a combination of circumstances including deportation as a result of

1  his conviction. *See United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990)
2  ("We find that the possibility of deportation is not a proper ground for departure."). There are
3  no facts or law to support a claim that defense counsel failed to make any proper request for
4  a downward departure. *See Lowry v. Lewis*, 21 F.3d at 346 ("A lawyer's zeal on behalf of his
5  client does not require him to file a motion which he knows to be meritless on the facts and the
6  law."). The record shows that the Court considered all relevant factors pursuant to 18 U.S.C.
7  § 3553(a) prior to imposing sentencing. There are no facts or law which would support a claim
8  that representation of defense counsel fell below an objective standard of reasonableness
9  because counsel failed to argue that his deportability status merited a lesser sentence. The
10 Court concludes that it plainly appears from the record of proceedings in this case that the
11 Defendant is not entitled to relief.

12      IT IS HEREBY ORDERED that the motion for reduction of sentence pursuant to Title
13 28 U.S.C. § 2255 filed by Defendant (Doc. # 55) is denied.

DATED: December 22, 2009

                                      *William Q. Hayes*
                                **WILLIAM Q. HAYES**
                                United States District Judge